IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth "Syncere" Rivera, #318979, ) | C/A No. 8:15-2995-JMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Bryan P. Stirling, Director; Tracy Webb, Policy ) | |
| Development Office; Mr. McFadden, Warden; and ) | |
| Ms. Megget-Wright, Corporal, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Kenneth Rivera ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at Lieber Correctional Institution ("Lieber"). He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## **BACKGROUND**

Plaintiff alleges the following facts. He is "currently a security threat group member and housed in the Restricted Housing Unit" of Lieber. [Doc. 1 at 2.] On June 25, 2015, Plaintiff submitted a request to staff member to Warden McFadden ("McFadden") to request a copy of the SCDC policy or procedure related to security threat groups ("STG") because he has been designated a STG member; McFadden denied the request on July 1, 2015, because it is a restricted policy for security reasons. [*Id.* at 2–3.] Plaintiff also requested a copy of the STG policy from Ms. Megget-Wright ("Megget-Wright") in the law library, and she denied the request on July 6, 2015, because it is a restricted policy. [*Id.*] Plaintiff contends he attempted to file prison grievances about this matter, but a staff member interfered with

his attempt. [*Id.*] He attached copies of grievances and responses, which indicate that SCDC officials will not provide Plaintiff with a copy of the STG policy nor allow him to review it. [Doc. 1-1 at 6–9.]

Plaintiff alleges he has a Fourteenth Amendment due process right to have a copy of the STG policy that governs him; thus, Defendants have violated his constitutional right. [*Id.* at 3–4.] Plaintiff seeks a declaration that his constitutional right was violated, damages, and injunctive relief for an order to require Defendants to provide him the STG policy. [*Id.*]

This Court takes judicial notice that the SCDC website indicates that Plaintiff is incarcerated at Lieber, and his security/custody is listed as "3/security detention." *See* South Carolina Department of Corrections, https://public.doc.state.sc.us/scdc-public/ (enter SCDC ID number "318979") (last visited Sept. 23, 2015); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."). Further, it appears Plaintiff was convicted in the Greenville County Court of General Sessions in 2014 of armed robbery and two counts of possession of a firearm/ammunition by a felon, and he is serving a fifteen-year sentence. *See* South Carolina Department of Corrections, https://public.doc.state.sc.us/scdc-public/ (enter SCDC ID number "318979") (last visited Sept. 23, 2015).

**STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court

to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint should be dismissed based on frivolousness and failure to state a claim on which relief may be granted.  Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir.  2014).

Plaintiff has been advised in prior lawsuits decided by this Court that a similar contention had no arguable basis in law; thus, this action is frivolous because he seeks to litigate that meritless claim again. *See Nagy v. FMC Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'"); *Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012) (a suit is frivolous if it lacks an arguable basis in law or fact). In *Rivera v. Byars*, C/A No. 8:12-2218-JMC-JDA (D.S.C. Sept. 6, 2012), Plaintiff had requested an injunction to order Defendants to provide him a copy of the STG policy deemed classified by prison officials, and this Court entered a Report and Recommendation suggesting that the action be dismissed because it was duplicative to another pending action filed by Plaintiff, C/A No. 8:12-233-JMC-JDA. *See* Report and Recommendation, *Rivera v. Byars*, C/A No. 8:12-2218-JMC-JDA (D.S.C. Sept. 6, 2012), ECF No. 12. In his objections, Plaintiff explained that *Rivera v. Byars*, was not duplicative because he now alleged a Fourteenth Amendment due process violation based on the defendants' refusal to disclose the STG policy as opposed to his challenge in *Rivera v. Long*, C/A No. 8:12-233-JMC-JDA, to a search and seizure of his property. *See* Order and Opinion, *Rivera v. Byars*, C/A No. 8:12-2218-JMC-JDA (D.S.C. Oct. 24, 2013), ECF No. 25. Due to Plaintiff's objections, this Court accepted the Report and Recommendation but for different reasons; it dismissed the action with prejudice because Plaintiff's contention that Defendants violated his due process right by refusing to provide a copy of the STG policy did not state a plausible procedural due process violation. *Id.* Plaintiff failed to allege a deprivation of a liberty interest; thus, the due process claim had no merit. *Id.*

Similarly, in a discovery dispute in one of Plaintiff's prior actions, this Court ruled that SCDC officials were entitled to a protective order from producing the STG policy to Plaintiff because disclosure of the policy would jeopardize the security of the prison. *See* Text Order, *Rivera v. Long*, C/A No. 8:12-233-JMC-JDA (D.S.C. Sept. 6, 2012), ECF No. 92 (citing *Castle v. Jallah*, 142 F.R.D 618 (E.D.Va. 1992). This Court notes that it appears Plaintiff did not appeal the ruling on the discovery motion, and the March 6, 2013, Order granting summary judgment to the defendants does not mention the discovery ruling. *See* Order and Opinion, *Rivera v. Long*, C/A No. 8:12-233-JMC-JDA (D.S.C. March 6, 2013), ECF No. 104.

This Court is aware that on July 1, 2015, the Fourth Circuit Court of Appeals issued *Incumaa v. Stirling*, – F.3d –, 2015 WL 3973822 (4th Cir. July 1, 2015), finding that within SCDC a person designated a STG member may under certain circumstances allege a procedural due process claim related to his liberty interest in avoiding security detention.[1] And, the Court discussed SCDC's STG policy/procedure.[2] *Id.* Still, the *Incumaa* decision

---

[1] Prior to *Incumaa*, courts in this district had ruled in certain cases that South Carolina law does not create a liberty interest regarding prison classification. *See, e.g., Presley v. Byars*, C/A No. 1:13-3441-JFA-SVH, 2014 WL 792157, at *3 (D.S.C. Feb. 24, 2014) (summarily dismissing the case where prisoner contended that he was improperly classified as a security threat and was not permitted to attend the Institutional Classification Committee hearings or submit evidence related to his security status). Further, in a case previously filed by Plaintiff for violation of his constitutional rights based on denial of the right to attend and present evidence at his security classification hearings, this Court had explained that the "law is well settled . . . that an inmate has no constitutional right to receive a particular security classification." *See* Report and Recommendation, *Kenneth Rivera v. Byars (Rivera I")*, C/A No. 8:12-2219-JMC-JDA (D.S.C. Aug. 12, 2013), ECF No. 63, *adopted by*, ECF No. 65.

[2] The Court of Appeals held that Incumaa had demonstrated the first step—that he had a liberty interest in avoiding solitary confinement because there was an SCDC policy mandating review of security detention every 30 days *and* the conditions of his solitary

does not provide SCDC inmates a constitutional right to have a copy of the STG policy. *Id.* The *Incumaa* Court's finding that SCDC policy mandating review of Incumaa's security detention every 30 days does create a liberty interest in avoiding restrictive confinement conditions is not the same as a finding that an SCDC inmate may possess a copy of a policy kept restricted by SCDC due to security concerns. Accordingly, Plaintiff's action should be dismissed on the ground of frivolousness and failure to state a claim on which relief may be granted.

### **RECOMMENDATION**

It is recommended that the District Court dismiss this action without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). It is further recommended that this action be designated a "strike" pursuant to 28 U.S.C. § 1915(g). **Plaintiff's attention is directed to the important notice on the next page.**

September 23, 2015                                      s/Jacquelyn D. Austin
Greenville, South Carolina                              United States Magistrate Judge

---

confinement in security detention for two decades did present atypical and significant hardship in relation to the ordinary incidents of prison life. *Id.* The Court of Appeals further analyzed the SCDC's procedures for periodic review of the confinement of inmates in security detention and concluded that there was a triable dispute as to whether SCDC's "process for determining which inmates are fit for release from security detention meets the minimum requirements of procedural due process." *Id.* at *1, 12–15.

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).