# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth "Syncere" Rivera, ) | |
| ) | Civil Action No. 8:15-cv-02995-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Bryan P. Stirling, Director; Tracy Webb, ) | |
| Policy Development Office; Mr. McFadden, ) | |
| Warden; and Ms. Megget-Wright, Corporal, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding pro se and in forma pauperis, brings this action, (ECF No. 1), under 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 10), filed on September 23, 2015, recommending that Plaintiff's action, (ECF No. 1), be dismissed without issuance and without service of process based on frivolousness and failure to state a claim upon which relief may be granted. For the reasons explained below, the court **ADOPTS** the findings of the Magistrate Judge's Report, (ECF No. 10), and **DISMISSES** Plaintiff's action, (ECF No. 1), with prejudice and without issuance or service of process.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a South Carolina Department of Corrections' ("SCDC") prisoner incarcerated at the Lieber Correctional Institution ("Lieber") in Ridgeville, S.C. Plaintiff alleges that he is designated as a Security Threat Group ("STG") member and is housed in the Restricted Housing Unit at Lieber. (ECF No. 1 at 2.) The SCDC Policy/Procedure OP-21.01 ("Policy") governs the

1

STG members, but it is restricted from prisoner access due to security reasons,[1]

Plaintiff alleges that he submitted multiple requests to Defendants McFadden and Megget-Wright for a copy of the Policy, but was denied because of the Policy's restricted status. (*See* ECF No. 1.) Plaintiff also alleges that a staff member interfered with his attempt to submit Inmate Grievance Forms requesting the Policy.

Plaintiff now claims that he has a federal constitutional right to the Policy, which Defendants have violated. Plaintiff seeks "a declaration that his constitutional right was violated, damages and injunctive relief for an order to require Defendants to provide him the [P]olicy." (ECF No. 1-1 at 3–4.)

## II. LEGAL STANDARD

The Magistrate Judge's Report was made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[1] In a previous action by Plaintiff, *Rivera v. Long*, No. 8:12-cv-00233-JMC-JDA, 2013 U.S. Dist. LEXIS 30177 (D.S.C. Feb. 1, 2013), the court granted a protective order for the Policy because "the revelation of [the Policy] to Plaintiff or other inmates would jeopardize the security of the institution." *Rivera v. Byars*, No. 8:12-cv-02218-JMC, 2013 U.S. Dist. LEXIS 152834, at *3 (D.S.C. Oct. 24, 2013) (citing *Rivera v. Long*, No. 8:12-00233-JDC-JDA, ECF No. 92 (D.S.C. Sept. 6, 2012)).

### III.     ANALYSIS

*1.     42 U.S.C § 1983 - Civil Action for Deprivation of Rights*

Plaintiff brings this action seeking damages and injunctive relief for not receiving the Policy. (*See* ECF No. 1-1 at 3–4.) The Magistrate Judge recommends this action be dismissed without issuance and without service of process based on frivolousness and failure to state a claim. (ECF No. 10 at 7.)

Plaintiff objects to the Report because (1) "[the Magistrate Judge] fail [sic] to see the violation" and (2) "Plaintiff is confined at a different institution where different officials refuses [sic] to allow him to have a copy of [the Policy]." (ECF No. 12.)

Although Plaintiff believes that the failure to provide him with the Policy violates his constitutional rights, this court has already found that there is no due process right to the STG Policy. In Plaintiff's previous action, *Rivera v. Byars*, No. 8:12-cv-02218-JMC, 2013 U.S. Dist. LEXIS 152834 (D.S.C. Oct. 24, 2013),[2] the court explained, "Plaintiff fails at step one of the procedural due process analysis. Plaintiff has not clearly indicated any deprivation from [d]efendant's refusal to provide him a copy of the [P]olicy." *Id.* at *6 (explaining why Plaintiff's previous action was dismissed).

Although this case is against different officials at a different prison, Plaintiff still has not indicated any due process deprivation from defendant's refusal to provide him a copy of the Policy. Plaintiff's previous action claiming a constitutional right to the Policy was dismissed. Since there is no legal merit to Plaintiff's claim, this action should be dismissed for frivolousness

---

[2] On August 7, 2012, Plaintiff filed an action against employees of the Broad River Correctional Institution alleging a violation of the Universal Declaration of Human Rights as well as the Fifth and Fourteenth Amendments because defendants denied his request for a copy of the Security Threat Group Policy OP-21.01. *Rivera*, No. 8:12-cv-00233-JMC-JDA, 2013 U.S. Dist. LEXIS 30177, at *1.

and for failure to state a claim.

2.     *28 U.S.C. § 1915 - Proceedings in Forma Pauperis*

The Magistrate Judge recommends "that this action be designated a 'strike' pursuant to 28 U.S.C. § 1915(g)." (ECF No. 10 at 7.) 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (2012). Here, Plaintiff brought this action while incarcerated and it is dismissed for frivolousness and for failing to state a claim upon which relief may be granted. Therefore, this action falls under § 1915(g). The court agrees that this case should be counted towards Plaintiff's three or more prior occasions where the prisoner has brought a claim "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.*

## IV.     CONCLUSION

After a thorough review of the Report and the record, the court **ADOPTS** the Magistrate Judge's Report, (ECF No. 10), and **DISMISSES** Plaintiff's action with prejudice and without issuance and service of process for the reasons discussed herein. Further, this action is designated as a "strike" under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 30, 2016 Columbia,
South Carolina